UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| KENTRELL D. WELCH, | Case No. 3:22-cv-00547-ART-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CORY ROWLEY, *et al.*, | |
| Defendants. | |

Plaintiff Kentrell Welch brings this pro se action under 42 U.S.C. § 1983 to redress constitutional violations that he claims to have suffered while he was incarcerated at Ely State Prison. (ECF No. 4). Plaintiff has applied to proceed *in forma pauperis* in this action. (ECF No. 1). On May 31, 2023, the Court imposed a stay and ordered the parties to mediate with a court-appointed mediator. (ECF No. 3). Interested Party Nevada Department of Corrections now moves to exclude this matter from mediation, arguing that the parties recently failed to settle similar claims involving overlapping defendants in two of Plaintiff's other civil-rights actions, and Plaintiff filed a motion for sanctions against defense counsel in one of the actions when it failed to settle at the mediation conference. (ECF No. 10). Plaintiff has not filed a response to the motion.

The Court established the Inmate Early Mediation Program to save resources by referring the parties in some civil-rights actions to mediation. Given the Court's limited resources, and the fact that these parties recently engaged in unsuccessful mediation conferences about similar issues and overlapping defendants, the Court has determined that it would not be a productive use of its resources to schedule this case for a mediation conference. Additionally, based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

For the foregoing reasons, **IT IS ORDERED** that:

1. The Motion for Relief from Early Neutral Evaluation (ECF No. 10) is **GRANTED**.

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee. But if this action is later dismissed or otherwise unsuccessful, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

3. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

4. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **KENTRELL WELCH, #1030777** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office and to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

5. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 4) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Service must be perfected within 90 days of the entry date of this order.

7. Subject to the findings of the screening order (ECF No. 3), within 21 days of the entry date of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known

address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 4) within 60 days from the date of this order.

10. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

11. This case is no longer stayed.

DATED THIS 27th day of July 2023.

_____
UNITED STATES MAGISTRATE JUDGE